IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SAMAYOA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT,

V.

MAXILIAMO CANO SAMAYOA, APPELLANT AND CROSS-APPELLEE.

Filed April 14, 2020.    No. A-19-565.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Leonard G. Tabor for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

INTRODUCTION

Maxiliamo Cano Samayoa appeals from the district court's denial, without an evidentiary hearing, of his motion for postconviction relief. We affirm.

BACKGROUND

Following a jury trial, Samayoa was convicted of three counts of first degree sexual assault of a child and one count of third degree sexual assault of a child. He was sentenced to concurrent terms of imprisonment of 35 to 40 years and 1 to 3 years, respectively. The facts in this case can be found in *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015). It is not necessary to set forth the facts in resolving this appeal.

Samayoa timely appealed his conviction and sentence. On appeal, Samayoa argued that (1) the evidence was insufficient to support his conviction, (2) the trial court erred in admitting certain

testimony, and (3) the trial court erred in advising the jury that with respect to third degree sexual assault of a child, the exact time when the offense is committed is not an essential element of the crime. These arguments were rejected by the Nebraska Supreme Court and the mandate was entered on January 27, 2016, affirming the decision of the lower court. The order spreading the mandate was filed on February 1, 2016.

Samayoa filed a motion for postconviction relief on February 2, 2017. In his motion, Samayoa asserted that he does not speak, write, or read English; that on December 10, 2016, he found a bilingual person to assist him with his postconviction motion; and that due to his language barriers, he had not been able to file a postconviction motion sooner. Samayoa also asserted his belief that the 1-year statute of limitations expired on the date that the court adopted the mandate from the Nebraska Supreme Court, and that in any event, the motion was timely filed within the limitations period under Neb. Rev. Stat. § 29-3001(4)(b) and (c) (Reissue 2016). Samayoa alleged that he did not have any records (transcripts or bill of exceptions) of his case, and as a result, was not able to present facts or issues constituting violations of his constitutional rights. Nevertheless, Samayoa asserts that such violations exist, "in specific, violations of his trial and appellate counsel, [and] his trial was unfair product of his counsel's actions and inactions." Samayoa sought the opportunity to amend his motion following a fair opportunity to inspect the record and appointment of bilingual counsel or an interpreter for counsel.

A records review hearing was held on April 17, 2019. On May 14, the district court entered an order denying Samayoa's request for a full evidentiary hearing and dismissing his motion for postconviction relief. The court found that Samayoa failed to allege any facts that would establish a constitutional violation, and thus did not establish the basis for any relief.

## ASSIGNMENTS OF ERROR

Samayoa assigns that the district court erred in refusing to grant his request for an evidentiary hearing and his motion for postconviction relief.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Watson*, 295 Neb. 802, 891 N.W.2d 322 (2017). A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Starks*, 294 Neb. 361, 833 N.W.2d 310 (2016).

## ANALYSIS

Samayoa assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. In his summary of argument section, he also asserts that his counsel was ineffective for failing to file a petition for further review, and that the trial court abused its discretion by not ruling on the issue of the timely filing of his motion for postconviction relief. Samayoa's postconviction motion did not contain any allegation regarding counsel's failure to file a petition for further review. An appellate court will not consider as an assignment of error a

question not presented to the district court for disposition through a defendant's motion for postconviction relief. See *State v. Caddy*, 262 Neb. 38, 628 N.W.d 251 (2001). Samayoa's argument regarding the district court's failure to rule on the timeliness of his motion was not contained in the assignment of error section of the brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 236 (2017). Accordingly, we do not consider the arguments regarding counsel's failure to file a petition for further review or the court's failure to address the timeliness issue. We then turn to the court's denial of the postconviction motion on the basis that it failed to allege any facts to support constitutional violations.

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. § 29-3001(1). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Starks*, 294 Neb. 361, 833 N.W.2d 310 (2016). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *State v. Custer*, 298 Neb. 279, 903 N.W.2d 911 (2017). As discussed below, Samayoa alleged no factual basis on which a court could conclude that his judgment of conviction was void or voidable because of a violation of his constitutional rights at trial or in the prosecution of his case.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Watson*, 295 Neb. 802, 891 N.W.2d 322 (2017). To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case. *Id*. Rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id*.

Here, Samayoa admittedly did not allege in his motion any facts to show that his trial or appellate counsel's performance was deficient or that his counsel's deficient performance prejudiced his defense. Samayoa simply claimed that his trial was unfair due the actions or inactions of his counsel and that his constitutional rights were violated. Therefore, we find no error in the district court's determination that Samayoa failed to assert facts sufficient to demonstrate a violation of his constitutional rights and in denying his motion for postconviction relief without a full evidentiary hearing.

The State also cross-appealed, assigning that the district court erred in ignoring the State's motion to dismiss and in making a ruling on the merits of Samayoa's petition, instead of dismissing it as untimely pursuant to § 29-3001(4)(a). An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020). Because we are affirming the district court's dismissal of the motion for postconviction relief, we need not address the State's cross-appeal argument.

## CONCLUSION

The district court did not err when it denied Samayoa's motion for postconviction relief without an evidentiary hearing. The judgment of the district court is affirmed.

AFFIRMED.